UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

NICHOLAS EUGENE STILES,      )
                                          )
                 Plaintiff,        )     Case No. 1:13-cv-233
                                            )
v.                                     )     Honorable Paul L. Maloney
                                          )
AMF LINCOLN LANES,           )
                                          )     **REPORT AND RECOMMENDATION**
               Defendant.      )
_____)

This is a civil action brought by a *pro se* plaintiff under provisions of the Fair Credit Reporting Act (FCRA) and analogous state law. Plaintiff's complaint arises from two transactions in February 2013 involving credit card purchases from defendant AMF Lincoln Lanes. For each transaction, defendant gave plaintiff a customer copy of a credit card receipt that contained more than the last five digits of the card number (although less than the entire number). (*See* Compl., Ex. 1, ID# 8). Plaintiff alleges that defendant thereby violated the provision of the FCRA that prohibits a credit card receipt from containing more than the last five digits of the card number or its expiration date, 15 U.S.C. § 1681c(g)(1), as well as the Michigan Consumer Protection Act, which limits credit card receipts to printing no more than the last four digits of the consumer's account number. MICH. COMP. LAWS § 445.903(1)(ii). Plaintiff seeks actual damages, punitive damages, statutory damages not exceeding $1,000 per violation, costs, and attorney's fees.

The court has granted plaintiff leave to proceed *in forma pauperis*, in light of his indigence. Under the provisions of federal law, PUB. L. No. 104-134, 110 STAT. 1321 (1996), the

court is required to dismiss any action brought under federal law *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). An action will be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is frivolous within the meaning of section 1915(e)(2) when it is based on either an inarguable legal conclusion or fanciful factual allegations. 490 U.S. at 325. A complaint that fails to allege "'enough facts to state a claim to relief that is plausible on its face'" must be dismissed for failure to state a claim. *Traverse Bay Area Intermediate Sch. Dist. v. Michigan Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A plaintiff must 'plead [] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A plaintiff falls short if []he pleads facts 'merely consistent with the defendant's liability' or if the alleged facts do not 'permit the court to infer more than the mere possibility of misconduct[.]'" *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 556 U.S. at 678-79). In applying these standards, the court must read plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Conclusory allegations, however, are insufficient, even in a *pro se* pleading. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008).

**Discussion**

In 2003, Congress amended the FCRA by enacting the Fair and Accurate Credit Transactions Act, the purpose of which was to combat identity theft. *See Bateman v. American Multi-Cinema, Inc.*, 623 F.3d 708, 716 (9th Cir. 2010). The section of the 2003 law relevant to the present case provides as follows:

>    (g)    Truncation of credit card and debit card numbers
>
>    (1)    In general
>
>    Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction.

15 U.S.C. § 1681c(g)(1). As noted, the Michigan Consumer Protection Act contains a similar, but somewhat contradictory, requirement, limiting the credit card receipt to the last four digits of the account number. MICH. COMP. LAWS § 445.903(1)(ii). The attachment to plaintiff's complaint shows that the customer receipts provided by defendant, although not reflecting plaintiff's credit card number in its entirety, reveal more than the final four or five digits.

Nevertheless, plaintiff fails to state a claim for damages under federal or state law. The FCRA creates civil liability for statutory damages only for *wilful* noncompliance. 15 U.S.C. § 1681n(a) allows an award of *statutory damages* against "any person who wilfully fails to comply with any requirement imposed under this subchapter with respect to any consumer." *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57-58 (2007). Plaintiff's complaint does not allege facts that would plausibly lead one to conclude that defendant acted wilfully in issuing a receipt with more than the final five numbers reflected. Plaintiff merely alleges that the violation was wilful. Conclusory

allegations, however, fail to state a claim under governing Supreme Court authority. The complaint must set forth *facts* from which the court can plausibly infer a violation of law. *Iqbal*, 556 U.S. at 678. The less stringent standard for *pro se* litigants does not compel the court to "conjure up unpleaded facts to support conclusory allegations." *Grinter*, 532 F.3d at 577. Wilfulness may be established by pleading facts showing a reckless violation of law. But "a company subject to FCRA does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Safeco Ins. Co.*, 551 U.S. at 57-58. Here, plaintiff alleges "only a violation," which, standing alone, does not support an action for statutory damages. Consequently, although the complaint may allege a technical violation of the federal Act, it does not allege facts which, accepted as true, would create civil liability against defendant for wilful noncompliance. Further, plaintiff has not asserted a claim for actual injury under 15 U.S.C. § 1681o, nor supplied factual allegations sufficient to support such a claim. *See Beaudry v. Telecheck Servs., Inc.*, 579 F.3d 702, 705-06 (6th Cir. 2009). Plaintiff's complaint therefore fails to state a claim for the award of damages under the Fair Credit Reporting Act.

Plaintiff's complaint likewise fails to state a claim under the Michigan Consumer Protection Act for an award of damages. The Consumer Protection Act allows a person "who suffers a loss as a result of violation of this Act" to bring an action to recover actual damages or $250.00, whichever is greater. MICH. COMP. LAWS § 445.911(2). Plaintiff's complaint does not allege, or even imply, that plaintiff suffered a loss as a result of the printing of extra digits on his receipt. The obvious purpose of the statute is to forestall identity theft. Plaintiff does not allege that the printing of all extra digits on his receipt led to identity theft or any other kind of loss. He merely alleges a

technical violation of the statute.  In the absence of allegations that plaintiff has incurred an "actual

loss," no claim for damages is stated under the Consumer Protection Act.  *See Mayhall v. A.H. Pond*

*Co.*, 341 N.W.2d 268, 270 (Mich. Ct. App. 1983).

### Recommended Disposition

I conclude that plaintiff's well-pleaded allegations, accepted as true, fail to state a

claim upon which an award of statutory or actual damages can be made under either the Fair Credit

Reporting Act or the Michigan Consumer Protection Act.  Because plaintiff is proceeding *in forma*

*pauperis*, his complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2) for failure to state a

claim upon which relief can be granted.  I therefore recommend that plaintiff's complaint be

dismissed on its merits, and that leave to appeal *in forma pauperis* be denied.


Dated:   March 5, 2013                                     /s/  Joseph G. Scoville
                                                                        United States Magistrate Judge



### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within
fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All
objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file
timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas*
*v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129
S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).  General
objections do not suffice.  *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*,
454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).